# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, § § § § *Plaintiff*, § § v. § § LAURA A. SUAREZ, § § *Defendant*. § § § § | Civil Action No. SA-14-CV-1106-XR |

## ORDER

On this date, the Court considered the status of the above captioned case and its pending motion. After careful consideration, the Court GRANTS Plaintiff's Motion for Summary Judgment. Docket no. 36.

## I. Background

Plaintiff filed this case on December 18, 2014, seeking a declaratory judgment to foreclose on real property. Docket no. 1. Plaintiff alleges it is entitled to judicial foreclosure because Defendant Laura A. Suarez did not comply with the Loan Agreement with respect to the real property and improvements known as 1115 Walkers Way, San Antonio, Texas, 78216 ("the Property"). *Id.*

On or about December 20, 2005, Defendant allegedly executed a Texas Home Equity Note ("Note") in the principal amount of $243,200.00 originally payable to Lifetime Financial Services, LLC d/b/a Town & Country Mortgage Services ("Lifetime Financial"). *Id.* at 3. An Allonge to Note was executed along with the Note, making the Note payable without recourse to Option One Mortgage Corporation ("Option One"). *Id.* Concurrently with the execution of the

1

Note, Defendant also executed a Texas Home Equity Security Instrument ("Security Instrument"). *Id.* at 4. The Security Instrument grants Lifetime Financial, its successors, and assigns a security interest in the Property. *Id.*

Plaintiff alleges that Defendant defaulted on the Loan Agreement. *Id.* Plaintiff alleges the Loan Agreement is due for the February 1, 2013, payment and all subsequent monthly payments. *Id.* Plaintiff states it mailed a notice of default and request to cure to Defendant in accordance with the Loan Agreement and the Texas Property Code. *Id.* Defendant allegedly did not cure the default, and the maturity of the debt was accelerated. *Id.*

Plaintiff brought this action to obtain an order for foreclosure. *Id.* Plaintiff alleges it is the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument. *Id.* Plaintiff alleges it has fully performed its obligations under the Loan Agreement, but that Defendant did not comply when she failed to substantially perform material obligations required under its terms, including the payment of amounts due under the contract. *Id.* Plaintiff also seeks judgment for the reasonable attorneys' fees as provided by the Security Instrument. *Id.* at 5.

On June 16, 2016, the parties filed an Agreed Report on Alternative Dispute Resolution indicating their desire to negotiate a settlement. Docket no. 23. After the parties filed a Joint Motion for Stay on September 6, 2016, Docket no. 26, the Court granted the motion and administratively closed the case. Docket no. 27. On April 10, 2017, Plaintiff filed its Motion to Reinstate, indicating that the parties had not reached a settlement agreement. Docket no. 30. The Court lifted the stay and reinstated the case on April 18, 2017. Docket no. 31. Now before the Court is Plaintiff's Motion for Summary Judgment. Docket no. 36.

## II. Standard of Review

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the non-moving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the non-movant's claim or defense. *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the movant carries its initial burden, the burden shifts to the non-movant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991).

In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the non-movant, or, in other words, that the evidence favoring the non-movant is insufficient to enable a reasonable jury to return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.4 (1986). In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the non-movant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court reviews all facts in the light most favorable to the non-moving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009). A motion for summary judgment cannot be granted simply because there is no opposition. *Ford–Evans v. Smith*, 206 Fed. App'x 332, 334 (5th Cir. 2006).

## III. Analysis

Plaintiff alleges it is entitled to an order allowing foreclosure because the summary judgment evidence conclusively shows the existence of a debt, the debt is secured by a lien, a default by Defendant, and that there was proper service of a notice of default and acceleration. Docket no. 36 at 6. Plaintiff also alleges the summary judgment evidence conclusively establishes Plaintiff, as the holder of the Note, is entitled to proceed with foreclosure under the Loan Agreement and the Texas Property Code. *Id.* In the alternative, Plaintiff alleges the summary judgment evidence conclusively establishes Plaintiff, as the assignee of the Note, is entitled to proceed with foreclosure. *Id.*

### 1. Plaintiff's claim that there was a debt secured by a lien on which Defendant defaulted and for which there was proper service.

A party pursuing judicial foreclosure must demonstrate that "(1) a debt exists; (2) the debt is secured by a lien created under Article 16, § 50(a)(6) of the Texas Constitution; (3) the borrowers are in default under the note and security instrument; and (4) the borrowers received actual notice of default and acceleration." *Marshall v. Deutsche Bank Nat'l Trust Co.*, No. SA-13-CV-937-OLG, slip op. at 14–15 (W.D. Tex. Sept. 21 2014) (citing *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014)).

Plaintiff meets its summary judgment burden to show that a debt exists, the debt is properly secured by a lien, and that Defendant is in default. Plaintiff shows that a debt exists with the Loan Agreement in the amount of $243,200.00, Docket no. 1-1 at 2, and that the debt is secured by a lien properly created under the Texas Constitution with the Security Instrument. *Id.* at 8. Plaintiff shows that Defendant defaulted on the loan after Defendant failed to make her February 1, 2013, payment and that through July 31, 2017, Defendant owes $334,137.03 on the Loan Agreement. Docket 36-1 at 4, 56. The Note states that Defendant will be in default if she

fails to pay the full amount of each monthly payment when it is due. *Id.* at 8. Defendant does not dispute these facts.

Plaintiff also meets its summary judgment burden to show that Defendant was properly served regarding default and acceleration. Under Texas Law, a mortgage servicer "shall serve a debtor in default under a deed of trust . . . with written notice by certified mail stating that the debtor is in default under the deed of trust . . . and giv[e] the debtor at least 20 days to cure the default" before giving notice of a foreclosure sale. *Deweese v. Ocwen Loan Servicing L.L.C.*, 2014 WL 6998063, at *4 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see* TEX. PROP. CODE § 51.002(d). Service of a notice by certified mail is complete "when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." TEX. PROP. CODE § 51.002(e). Plaintiff shows that on April 19, 2013, through its mortgage servicer Ocwen Loan Servicing, LLC ("Ocwen"), Plaintiff sent Defendant a Notice of Default that indicated its intent to accelerate. Docket 36-1 at 4, 41–42. Plaintiff provides evidence that on February 24, 2014, Ocwen sent Defendant a Notice of Acceleration of Loan Maturity after Defendant failed to pay the amount due. *Id.* at 4, 49. Defendant does not dispute these facts.

In sum, Plaintiff has met its summary judgment burden to show judicial foreclosure is appropriate. There is no genuine issue of material fact as to whether a debt exists, the debt is properly secured by a lien, Defendant is in default of that debt, and Defendant received proper notice of default and acceleration.

5

### 2. Plaintiff's claim that it is the holder of the Note and entitled to proceed with foreclosure.

Under the Texas Property Code, a party has standing to initiate a foreclosure sale if the party is a mortgagee. TEX. PROP. CODE §§ 51.002, 51.0025. A mortgagee includes the grantee, beneficiary, owner, or holder of a security instrument, such as a deed of trust, or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4). A mortgagee and its mortgage servicer have the authority to exercise the power of sale through its authority to appoint a substitute trustee. *Id.* § 51.0075.

Plaintiff argues it has the authority to foreclose on the property because it is the holder of the Note and beneficiary of the Deed of Trust. When a mortgage note is transferred, the mortgage or deed of trust is also transferred to the holder of the note because of the common law rule that the mortgage follows the note. *J.W.D., Inc. v. Federal Ins. Co.*, 806 S.W.2d 327, 329–30 (Tex. App.—Austin 1991, no writ) (mortgage on real estate is said to "follow" promissory note it secures); *see also Campbell v. Mortgage Elec. Registration Sys., Inc.*, 2012 WL 1839357, at *4 (Tex. App.—Austin 2012, pet. denied).

Plaintiff provides a copy of the Note, which indicates that Lifetime Financial was the initial lender. Docket no. 36-1 at 7. Plaintiff also shows that the Note was granted, sold, assigned, transferred, and conveyed by Lifetime Financial to Option One. *Id.* at 11. Plaintiff also provides evidence that the Note was granted, sold, assigned, transferred, and conveyed by Option One to Plaintiff. *Id.* at 3, 33. Plaintiff further shows that the assignment to Plaintiff is reflected in the blank endorsement on the Allonge to Note. *Id.* at 11. Plaintiff shows that it is in physical possession of the Note through Ocwen. *Id.* at 3.

Defendant argues that there are no valid assignments of record that show the transfer of the security interest to grant Plaintiff the power to foreclose. Defendant also argues that

Plaintiff's evidence that the Note was endorsed in blank is insufficient to show Plaintiff has the power to foreclose.

Plaintiff meets its summary judgment burden to show that it has the power to foreclose. Plaintiff offers as evidence the Note itself and affidavits related to that Note, and Defendant offers no evidence that the documents submitted by Plaintiff were falsified or fraudulent. The evidence shows that the Note was endorsed in blank and that Plaintiff is in possession of the Note. Defendant offers no evidence disputing this fact. Under Texas law, Plaintiff is entitled to proceed with foreclosure as the holder of the Note. *Kiggundu v. Mortgage Elec. Registration Sys. Inc.*, 469 F. App'x. 330, 331 (5th Cir. 2012); *see Lawson v. Gibbs*, 591 S.W.2d 292, 294 (Tex. Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *see also United States v. Vahlco Corp.*, 720 F.2d 885, 891 (5th Cir. 1983). There is no genuine issue of material fact as to whether Plaintiff is a mortgagee under Texas law as the holder of the Note and entitled to foreclosure. The Court need not consider Plaintiff's claim that it is the legal assignee of the Note.

## CONCLUSION

The Court hereby GRANTS Plaintiff's Motion for Summary Judgment. Docket no. 36. It is further ORDERED that Plaintiff is authorized to foreclose on the property that secures the Note, to wit:

> BEING LOT 52, BLOCK 2, NCB 17160, WALKER RANCH, UNIT 1, PLANNED UNIT DEVELOPMENT, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 9547, PAGES 203-205, DEED AND PLAT RECORDS, BEXAR COUNTY, TEXAS,

and which has the address of 1115 Walkers Way, San Antonio, Texas 78216, pursuant to the Security Instrument and Texas Property Code § 51.002.

Plaintiff is awarded its costs of court, and should it wish to pursue such costs, a bill of costs must be filed within fourteen days of the entry of judgment pursuant to Local Rule CV–54.

There are no more claims pending in this case. The Court will enter a separate final judgment consistent with this Order.

It is so ORDERED.

SIGNED this 3rd day of October, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE